UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RIGOBERTO LOPEZ-CHAVEZ, | ) | CASE NO. 4:23-CV-2328 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| WARDEN IAN HEALY, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## I.  INTRODUCTION

*Pro se* Petitioner Rigoberto Lopez-Chavez, a federal prisoner incarcerated at FCI Elkton, has filed an "Emergency Motion" under 28 U.S.C. § 2241 for Writ of Habeas Corpus. (ECF No. 1). Petitioner contends the Bureau of Prisons ("BOP") erroneously fails to afford "First Step Act Time Credits" to "non-US Citizens" like him. *Id*. at PageID 2. He contends he qualifies for such credits because, although he is a deportable alien, he is not "the subject of a final order of removal" and, therefore, not precluded from eligibility for credits under 18 U.S.C. § 3632(d)(4)(E). *Id*. He appears to seek an order reflecting his eligibility for credits.

## II.  STANDARD OF REVIEW AND DISCUSSION

Federal district courts conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). *See also Allen*

1

*v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face).

"Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *see also Campbell v. Barron*, 87 F. App'x 577 (6th Cir. 2004) (affirming, due to a failure to exhaust administrative remedies, the dismissal of a § 2241 petition that sought good-time credit).

Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). In addition, exhaustion of available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Woodford*, 548 U.S. at 89. *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)).

Here, Petitioner concedes that he has not exhausted, or even attempted to exhaust, administrative remedies with the BOP with respect to the claim that he is entitled to credits under the First Step Act. (ECF No. 1, PageID 3). The Court does not find that such attempt would be futile.

Rather, it is appropriate for the BOP to determine in the first instance whether Petitioner is entitled to credits under the First Step Act or is precluded from such credits on some basis under 18 U.S.C. § 3632. *See Alexander v. Warden*, No. 4:23CV1142, 2023 WL 4461097 (N.D. Ohio June 26, 2023) (requiring federal immigration detainee to exhaust his claim that he is entitled to sentence credits under the First Step Act); *see also Villegas-Escobar v. Derr*, No. 22-00500, 2023 WL 1993936, at *2 (D. Hawaii Feb. 14, 2023) (requiring prisoner to exhaust and noting that § 3632 provides that certain prisoners are ineligible to receive time credits, such as those subject to a final order of removal under any provision of the immigration laws and those convicted of certain enumerated offenses specified in § 3632(d)(4)(D)).

### III. CONCLUSION

Accordingly, the Court **DENIES** the Petition and **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 2243 subject to Petitioner's refiling after exhausting his administrative remedies with the BOP. The Court further **CERTIFIES** that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: February 13, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**